**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN HERNANDEZ-GARCIA, | No. 12-71729 |
| Petitioner, | Agency No. A200-211-912 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges.

Edwin Hernandez-Garcia, a native and citizen of Honduras, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, and review de novo questions of law. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part, deny in part, and grant in part the petition for review.

Hernandez-Garcia's motion for bond or release is denied. Hernandez-Garcia may seek administrative remedies. *See, e.g.*, *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Hernandez-Garcia's motion for stay of removal was granted on September 7, 2012, so his second request for stay of removal is denied as moot. The stay remains in effect until the mandate issues in this case.

We lack jurisdiction to review Hernandez-Garcia's contention that the IJ mischaracterized his testimony and failed to "engage" the evidence. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review claims that could have been raised below).

Substantial evidence supports the BIA's denial of CAT relief because Hernandez-Garcia failed to show it is more likely than not he will be tortured with the consent or acquiescence of the Honduran government. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008).

In finding that Hernandez-Garcia did not establish the Honduran government was unable or unwilling to protect him, the BIA erred in relying exclusively on his failure to report his encounters with gangs to the police. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006) (concluding that the applicant need not report to the police if he can establish that doing so would have been futile or subjected him to further abuse). Furthermore, when the IJ and BIA issued their decisions they did not have the benefit of either this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), and *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we grant the petition as to Hernandez-Garcia's asylum and withholding of removal claims and remand for further proceedings consistent with this disposition, including a determination of the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear their own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; and REMANDED.**