**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE GUZMAN PINEDA, | No. 12-71491 |
| Petitioner, | Agency No. A201-179-028 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 22, 2014[**]

Before:    GOODWIN, CANBY, and CALLAHAN, Circuit Judges.

Jose Guzman Pineda, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and de novo questions of law, *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013). We deny in part and dismiss in part the petition for review.

Guzman Pineda does not challenge the agency's dispositive finding that his application for asylum was untimely. Thus, we deny Guzman Pineda's petition for review with respect to his asylum claim.

Substantial evidence supports the BIA's finding that Guzman Pineda failed to articulate a particular social group on account of which he fears persecution. Thus, Guzman Pineda's withholding of removal claim fails.

We lack jurisdiction to consider Guzman Pineda's CAT claim because he did not challenge the IJ's denial of CAT relief in his appeal to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Guzman Pineda has not established a due process violation based on his contentions that his immigration counsel provided ineffective assistance, *see Tamang v. Holder*, 598 F.3d 1083, 1090-91 (9th Cir. 2010) (requiring compliance with *Matter of Lozada* requirements where ineffectiveness of counsel is not plain on the face of the record), or that other similarly situated individuals received some

form of relief, *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (petitioner must show error and prejudice to establish a due process violation).

The validity of Guzman Pineda's domestic violence conviction is not properly before us, *see Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) ("[a] petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision"), nor is his challenge to his bond proceedings, *see* 8 U.S.C. § 1226(e); 8 C.F.R. § 1003.19(d); *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Finally, we lack jurisdiction to grant Guzman Pineda any other form of relief he has requested. *See* 8 U.S.C. § 1252 (describing the court's jurisdiction with respect to orders of removal).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**