**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANTOS FRANCISCO JUANTA,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 12-71122<br><br>Agency No. A095-753-541<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 25, 2015**

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Santos Francisco Juanta, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order declining to

remand and dismissing his appeal from an immigration judge's order denying his

request for a continuance.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

---

     \*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion both the denial of a motion for a continuance, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008), and the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097-98 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Juanta's motion for a continuance to file an application for a U visa, where Juanta had been granted five continuances for the purpose of filing an application for a U visa, but had failed to do so. *See Sandoval-Luna*, 526 F.3d at 1247 (no abuse of discretion by denying a motion for a continuance where the relief sought was not immediately available to petitioner).

To the extent Juanta challenges the BIA's decision not to remand in light of evidence Juanta submitted on appeal relating to his U visa eligibility, the BIA did not abuse its discretion in declining to remand, where Juanta did not submit evidence that he had actually filed an application for a U visa and, therefore, had not established that he warranted remand for a further continuance. *See id.*

To the extent Juanta challenges his detention and the agency's denial of bond or parole, those contentions are not properly before us. *See* 8 U.S.C. § 1226(e); 8 C.F.R. § 1003.19(d); *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th

12-71122

Cir. 2011) (noting entitlement to bond hearing for certain aliens held in custody and setting forth procedure for challenging bond determinations).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**