**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUSTAVO ADOLFO NAVARRO GUZMAN, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-73641 <br><br> Agency No. A095-726-005 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Gustavo Adolfo Navarro Guzman, an alleged native and citizen of
Honduras, petitions pro se for review of the Board of Immigration Appeals'
("BIA") order dismissing his appeal from an immigration judge's decision denying
his application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"), and denying his motion to remand. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review for abuse of discretion the denial of a motion to remand, *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Navarro Guzman's contentions that he did not raise to the BIA, *see Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below), and we do not consider the materials Navarro Guzman references that are not part of the administrative record, *see Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (the court's review is limited to the administrative record). Navarro Guzman's challenge to his continued detention is not properly before this court. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Substantial evidence supports the agency's determination that Navarro Guzman failed to establish an exception excusing his untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(5); *see Toj-Culpatan v. Holder*, 612 F.3d 1088, 1091-92 (9th Cir. 2010). Thus, we deny the petition for review as to his asylum claim.

14-73641

Substantial evidence supports the agency's finding that Navarro Guzman failed to establish the government of Honduras was or would be unable or unwilling to protect him from his assailants or the individuals he fears. *See Rahimzadeh v. Holder*, 613 F.3d 916, 920-22 (9th Cir. 2010) ("The absence of a report to police . . . leaves a gap in proof about how the government would respond if asked, which the petitioner may attempt to fill by other methods."). Thus, Navarro Guzman's withholding of removal claim fails.

Substantial evidence also supports the BIA's denial of CAT relief because Navarro Guzman failed to show it is more likely than not he would be tortured by the Honduran government, or with its consent or acquiescence. *See Zheng v. Ashcroft*, 332 F.3d 1186, 1194-96 (9th Cir. 2003). We reject Navarro Guzman's contentions that the BIA erred in analyzing his claim.

Finally, the BIA did not abuse its discretion in denying Navarro Guzman's motion to remand. *See Romero-Ruiz*, 538 F.3d at 1062 ("The BIA abuses its discretion if its decision is arbitrary, irrational, or contrary to law.") (internal quotation and citation omitted).

Navarro Guzman's motions to file a late reply brief are granted.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**