FILED

**NOT FOR PUBLICATION**

JUN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAUL MAURO CENTENO-RODRIGUEZ, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 12-70799 <br><br> Agency No. A098-913-764 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Raul Mauro Centeno-Rodriguez, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision denying his

application for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

In his brief to the BIA, Centeno-Rodriguez argued he established eligibility for asylum and withholding of removal based on his membership in a social group of young men who refused recruitment by gangs. Substantial evidence supports the agency's finding that Centeno-Rodriguez failed to establish past persecution or a well-founded fear of future persecution on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see also Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (evidence supported conclusion that gang victimized petitioner for economic and personal reasons rather than on account of a protected ground), *abrogated on other grounds as stated in Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). We lack jurisdiction to consider Centeno-Rodriguez's contentions regarding new social groups that he did not raise to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Thus, we deny Centeno-Rodriguez's petition as to his asylum and withholding of removal claims.

Substantial evidence also supports the agency's denial of CAT relief because Centeno-Rodriguez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the Salvadoran government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Thus, we deny Centeno-Rodriguez's petition as to his CAT claim as well.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**