**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEX CARRILLO-GARCIA, AKA Alex Garcia, AKA Alex La Paz, AKA Alex Giovanni Lopez, <br><br>              Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br>              Respondent. | No. 13-73844 <br><br> Agency No. A205-320-108 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:      CANBY, BEA, and MURGUIA, Circuit Judges.

Alex Carrillo-Garcia, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ ") order of removal.  Our jurisdiction is governed

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

The BIA correctly determined that Carrillo-Garcia failed to challenge the IJ's conclusion that his conviction under California Penal Code § 273.5(a) renders him ineligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(C). Accordingly, we lack jurisdiction to review Carrillo-Garcia's unexhausted contentions that his criminal history does not include an aggravated felony and that he qualifies for the petty offense exception. *See Abebe v. Mukasey*, 554 F.3d 1203, 1207-08 (9th Cir. 2009) (en banc) (explaining that issues raised in the notice of appeal but not argued in an appellant's principal brief are deemed abandoned); *Tijani v. Holder*, 628 F.3d 1070, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

To the extent Carrillo-Garcia challenges the agency's bond determination, this challenge is not properly before us. *See* 8 U.S.C. § 1226(e); 8 C.F.R. § 1003.19(d); *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (clarifying the proper procedure for challenging a *Casas-Castrillon* bond determination).

Carrillo-Garcia has waived any challenge to the BIA's determination that he is not eligible for any other form of relief. *See Tijani*, 628 F.3d at 1080 ("[W]e generally will not take up arguments not raised in an alien's opening brief before this court.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part**.