FILED

OCT 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RENATO MAGNAYE, AKA Renato de Ocampo Magnaye,<br><br>  Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>  Respondent. | No. 15-70251<br><br>Agency No. A079-396-145<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015**

Before:    SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Renato Magnaye, a native and citizen of the Philippines, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We review for abuse of discretion the agency's denial of a motion to reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

We grant Magnaye's motion for an extension of time to file a reply brief and consider the arguments presented in the reply brief he submitted on September 28, 2015.

We do not consider the new materials Magnaye submits for the first time with his opening brief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (the court's review is limited to the administrative record).

The BIA did not abuse its discretion in determining that Magnaye failed to establish the new evidence he submitted on appeal was previously unavailable or would likely change the result in his case. *See* 8 C.F.R. § 1003.2(c); *see also Najmabadi*, 597 F.3d at 988-90 (new evidence lacked materiality). The record does not support Magnaye's contention that the BIA failed to consider new evidence or arguments he submitted on appeal to the BIA.

The record does not compel the conclusion that Magnaye established changed or extraordinary circumstances to excuse the untimely filing of his asylum

application.  *See* 8 C.F.R. §§ 1208.4(a)(4),(5).  Thus, Magnaye's asylum claim fails.

Substantial evidence supports the agency's determination that Magnaye did not establish his past experiences in the Philippines, including being hit with a baton at a political rally and being detained on multiple occasions, rose to the level of persecution.  *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006).  Further, the record does not compel the conclusion that it is more likely than not that Magnaye would be persecuted if returned to the Philippines.  *See Fakhry v. Mukasey*, 524 F.3d 1057, 1065-66 (9th Cir. 2008) (evidence did not compel finding that member of revolutionary group would more likely than not be persecuted by the government).  Thus, we deny the petition as to Magnaye's withholding of removal claim.

Substantial evidence also supports the agency's denial of CAT relief because Magnaye failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to the Philippines.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).  Thus, we deny the petition as to Magnaye's CAT claim.

Magnaye's challenge to the agency's bond determination is not properly before us. *See* 8 C.F.R. § 1003.19(d); *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Finally, we deny Magnaye's motion for a stay of removal as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**