**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSENDO ESCARPITA-CABRERA, | No. 14-72095 |
| Petitioner, | Agency No. A095-271-224 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

November 18, 2015[**]

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Rosendo Escarpita-Cabrera, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's denial of his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, and we review for substantial evidence the agency's factual findings. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We grant in part, deny in part, and dismiss in part the petition for review, and remand.

The agency determined that Escarpita-Cabrera's theft conviction under California Penal Code § 487(c) was an aggravated felony theft offense under 8 U.S.C. § 1101(a)(43)(G) that rendered him statutorily ineligible for asylum. At the time it decided this case, the agency did not have the benefit of this court's decision in *Lopez-Valencia v. Lynch*, 798 F.3d 863, 871 (9th Cir. 2015), concluding that "California's theft statute is both overbroad and indivisible . . . and a conviction under it can never be a 'theft offense' as defined in 8 U.S.C. § 1101(a)(43)(G)." We therefore grant in part his motions to remand, and remand for the BIA to consider whether Escarpita-Cabrera is eligible for asylum.

Substantial evidence supports the agency's denial of withholding of removal, where Escarpita-Cabrera failed to establish past persecution, *see Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm." (internal quotation marks and citation omitted)), or that it is more likely than not he will be persecuted

in Mexico by his father or drug cartel members, *see Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (fear of future harm too speculative), or that Escarpita-Cabrera could not reasonably relocate within Mexico, *see* 8 C.F.R. § 1208.16(b)(3).

Substantial evidence also supports the agency's denial of Escarpita-Cabrera's CAT claim because he failed to establish that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Substantial evidence supports the agency's determination that Escarpita-Cabrera had not satisfied his burden of proving by clear and convincing evidence that he is present in the United States pursuant to a prior lawful admission. *See* 8 U.S.C. § 1229a(c)(2)(B).

We need not reach Escarpita-Cabrera's contentions in his motion to remand regarding the reduction in his sentence for his theft conviction.

Escarpita-Cabrera's challenge to his continued detention is not properly before us. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (noting entitlement to bond hearing for certain aliens held in custody and setting forth

procedure for challenging bond determinations).

Each party shall bear its own costs for this petition for review.

**PETITION GRANTED in part; DENIED in part; DISMISSED in part; REMANDED.**