NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO AVALOS-YERERNAS, AKA Adam Estrada, AKA Israel Pardo, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-73655 <br><br> Agency No. A088-700-039 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before:    FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Armando Avalos-Yerernas, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order affirming an

immigration judge's ("IJ") decision denying his application for withholding of

removal and protection under the Convention Against Torture ("CAT").   Our

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We do not consider the materials Avalos-Yerernas attached to his opening brief that are not a part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

Before the BIA, Avalos-Yerernas did not challenge the IJ's determination that he was ineligible for withholding of removal and withholding of removal under the CAT because he was convicted of a particularly serious crime. *See* 8 U.S.C. § 1231(b)(3)(B)(ii), (iv); 8 C.F.R. § 1208.16 (d)(2). We therefore lack jurisdiction to consider any challenge he now makes to that dispositive finding. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's denial of deferral of removal under CAT because Avalos-Yerernas failed to show it is more likely than not that he would be tortured by the Mexican government, or with its consent or acquiescence. *See Garcia-Milian*, 755 F.3d at 1034-35. We reject Avalos-

Yerernas's contention that the BIA erred by failing to exercise its discretion.

Finally, Avalos-Yerernas's challenge to his continued detention is not properly before this court. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**