NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 1 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHAMMED S ISLAM, | No. 15-73798 |
| Petitioner, | Agency No. A208-302-856 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Mohammed S Islam, a native and citizen of Bangladesh, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and the Convention Against Torture ("CAT"). Our

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny in part and dismiss in part the petition for review.

We do not consider the material attached to the opening brief that is not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Substantial evidence supports the BIA's conclusion that, even if Islam testified credibly, the harm he experienced did not rise to the level of persecution. *See Wakkary*, 558 F.3d at 1059-60 (petitioner failed to establish past persecution where he was beaten and robbed on two occasions and accosted by a mob). Substantial evidence also supports the BIA's conclusion that Islam did not establish it would be unreasonable for him to relocate. *See Gomes v. Gonzales*, 429 F.3d 1264, 1267 (9th Cir. 2005) (lack of persecution after relocation supported finding that petitioners could relocate again safely). Thus, we deny the petition for review with respect to Islam's claim for asylum.

Because Islam failed to establish eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

15-73798

Substantial evidence supports the BIA's denial of CAT relief because Islam failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of Bangladesh if returned. *See Go v. Holder*, 640 F.3d 1047, 1054 (9th Cir. 2011) (credible testimony and country reports describing generalized evidence of mistreatment did not compel reversal of agency's denial of CAT).

Finally, Islam's challenges to his continued detention and the agency's denial of bond are not properly before us. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (describing procedure for challenging agency's bond determinations).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**