**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 3 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERNESTO MARTINEZ, AKA Ernesto Alfaro Martinez, AKA Cesar Ceja, AKA Ernesto A. Martinez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-73751 <br><br> Agency No. A205-719-911 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Ernesto Martinez, a native and citizen of El Salvador, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for cancellation of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-84 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

We do not consider the extra-record documents because our review is limited to the record underlying the agency's decision. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

Substantial evidence supports the BIA's conclusion that Martinez is ineligible for cancellation of removal because he failed to establish the requisite 10 years of continuous physical presence in the United States. *See* 8 U.S.C. § 1229b(d)(1); *Garcia-Ramirez v. Gonzales*, 423 F.3d 935, 937 n.3 (9th Cir. 2005) (an applicant's accrual of continuous physical presence ends when removal proceedings are commenced through the service of a notice to appear).

Substantial evidence supports the BIA's conclusion that the evidence of Martinez's past harm and fears related to gang recruitment efforts did not establish a nexus to a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (applicant must provide "*some* evidence" of motive, direct or circumstantial) (emphasis in original); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (the "desire to be free from harassment by criminals

motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Martinez's asylum and withholding of removal claims fail. *See Zetino*, 622 F.3d at 1016.

Substantial evidence also supports the BIA's denial of CAT relief because Martinez failed to establish that it is more likely than not he would be tortured by or with the consent or acquiescence of a public official if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, Martinez's challenge to the agency's bond proceedings is not properly before the court. *See* 8 U.S.C. § 1226(e); 8 C.F.R. § 1003.19(d); *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)

**PETITION FOR REVIEW IS DENIED in part; DISMISSED in part.**