**Andrew BOGLE, Petitioner,**

v.

**Carl DUBOIS, et al., Respondents.**

16–CV–6178

United States District Court, S.D. New York.

Signed 02/16/2017

---

Andrew Bogle, Goshen, NY, pro se.

Brandon Matthew Waterman, United States Attorney's Office, New York, NY, for Respondents.

## ORDER

Seibel, J.

Before the Court is Andrew Bogle's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Doc. 1 ("Pet.").) He seeks a declaration that his continued detention by Immigration and Customs Enforcement ("ICE") is illegal and an order that he be released from custody, as well as a declaration that he is entitled to derivative United States citizenship. (Pet. at 7.) For the reasons stated below, the petition is DISMISSED without prejudice.

Petitioner is a lawful permanent resident of the United States. (Rodriguez Decl. ¶ 4.)[1] Following his conviction for criminal possession of a controlled substance in the seventh degree, ICE placed him in removal proceedings and on August 13, 2015 detained him at the Orange County Jail. (*Id.* ¶¶ 6–7; Pet. at 1–2.) Pursuant to *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015),[2] an Immigration Judge ("IJ") held a bond hearing on February 3, 2016, and directed that Petitioner be detained, finding that his long history of criminal conduct rendered him a flight risk and a danger to the community. (Rodriguez Decl. ¶ 12; Pet. at 5.) Petitioner did not appeal from that decision. (Rodriguez Decl. ¶ 12.) He filed the instant Petition on August 2, 2016. (Doc. 1.)

Petitioner argues that his detention is illegal because he is entitled to derivative United States citizenship. (Pet. at 3–4.) That issue was litigated before an IJ as a defense to the removal proceedings, (Rodriguez Decl. ¶¶ 8, 9, 15), and on January 17, 2017, the IJ ruled against Petitioner, (Doc. 14–1).[3] Pursuant to 8 U.S.C.

---

1. "Rodriguez Decl." refers to the Declaration of Deportation Officer Jaime Rodriguez. (Doc. 9.)

2. *Lora* held that immigrants detained pursuant to 8 U.S.C. § 1226(c) must be afforded a bail hearing within six months and be admitted to bail unless the government shows by clear and convincing evidence that the immigrant poses a risk of flight or a risk of danger to the community. 804 F.3d at 616.

3. On the same date, Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). (Doc. 14–2.) Because Petitioner's removal proceedings are ongoing before ICE, his detention is governed by 8 U.S.C. § 1226 (governing detention of aliens

§ 1503(a), a person claiming to be a U.S. national may petition a court for declaration of citizenship unless, as here, the issue of person's status arose in connection with removal proceedings. Petitioner is thus not eligible for the judicial declaration he seeks. Because he is in removal proceedings, he may, if ultimately ordered removed, seek review of that decision in the Court of Appeals. *See* 8 U.S.C. § 1252(b) (petition for review of final order of removal must be filed in applicable Court of Appeals within 30 days). Because a § 1503(a) petition or an appeal from a removal order "are [the] only two ways that an individual, such as [Petitioner], can seek judicial review of a derivative citizenship claim," *Spaulding v. Mayorkas*, 725 F.Supp.2d 303, 307 (D. Conn. 2010), and neither allows Petitioner to do so at this time and in this Court, his application for a declaration of derivative citizenship is denied.

Petitioner further argues he must be released under *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). That case addressed the situation where an alien has been ordered removed from the United States, is detained under 8 U.S.C. § 1231(a), and has not yet been removed. The Court held that if there is no significant likelihood of removal in the foreseeable future, such an alien may not be detained for more than six months. *See id.* at 701. *Zadvydas* has no applicability here, because Petitioner, whose removal proceedings are not yet final, is not being held under § 1231. Rather, he is being held under 8 U.S.C. § 1226(c) pending removal proceedings, and the legality of his continued detention is governed by *Lora*.

■ Petitioner concedes that he received the hearing mandated by *Lora* in a timely fashion. (Pet. at 5.) If he were merely disputing the IJ's judgment, judicial review would be barred under 8 U.S.C. § 1226(e), which provides that the Attorney General's detention decisions are not subject to judicial review and may not be set aside by a court. But, as he suggests in his reply memorandum, (Doc 13), Petitioner may intend to argue that the IJ who conducted his *Lora* hearing violated due process by failing to apply the clear and convincing evidence standard, (*see id.* at 4–6). Claims of constitutional infirmity in the procedures followed at a bond hearing are not precluded by § 1226(e). *See Cepeda v. Shanahan*, No. 15-CV-9446, 2016 WL 3144394, at *2 (S.D.N.Y. Apr. 22, 2016) (Petitioner may seek redress in District Court for claim that bond hearing was constitutionally deficient, "[a]lthough the difference between reviewing the IJ's determination for constitutional, as opposed to evidentiary, soundness is not stark,"); *Gordon v. Shanahan*, No. 15-CV-261, 2015 WL 1176706, at *2 (S.D.N.Y. Mar. 13, 2015) ("Although 8 U.S.C. § 1226(e) bars judicial review of certain 'discretionary judgment[s],' that section does not deprive the Court of jurisdiction over [Petitioner's] constitutional and statutory challenges to his detention.") (first alteration in original) (quoting 8 U.S.C. § 1226(e)).[4]

■ Petitioner has presented no information about the content of the IJ's order or otherwise supported the claim that the IJ applied an improper legal standard. This alone would warrant denial of the Petition.[5] But in any event, Petitioner

---

in removal proceedings), not 8 U.S.C. § 1231 (governing detention of aliens whose orders of removal are administratively final).

4. The Court will send Petitioner copies of all unreported decisions cited in this Order.

5. The Government has provided a declaration from an ICE official summarizing the IJ's reasoning but not mentioning the legal standard she applied. (Rodriguez Decl. ¶ 12.) The Government has also supplied Petitioner's rap

faces another hurdle: exhaustion of administrative remedies. "There is no statutory requirement of administrative exhaustion before immigration detention may be challenged in federal court by a writ of habeas corpus; however, such exhaustion is generally required as a prudential matter." *Nativi v. Shanahan*, No. 16-CV-8496, 2017 WL 281751, at *1 (S.D.N.Y. Jan. 23, 2017) (collecting cases); *see Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 592 (2d Cir. 1993) ("The exhaustion requirement may arise from explicit statutory language or from an administrative scheme providing for agency relief.").[6]

Although the Second Circuit has not addressed the precise issue, the Ninth Circuit—the case law of which Petitioner seems to like, (*see* Doc. 13 at 4, 8)—has

held that before an alien held in custody under § 1226(a) may seek *habeas* relief, he must exhaust administrative remedies by appealing an IJ's denial of bond to the BIA. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).[7] Seeking *habeas* relief before appealing to the BIA is an "improper" "short cut." *Id.* The proper procedure is to seek relief from the BIA and then, if the IJ is affirmed, file a *habeas* petition. *See Cepeda*, 2016 WL 3144394, at *2; *Palaniandi v. Jones*, No. 15-CV-4021, 2016 WL 1459607, at *1–2 (S.D.N.Y. Mar. 10, 2016); *Herrera v. Mechkowski*, No. 15-CV-7058, 2016 WL 595999, at *1 (S.D.N.Y. Feb. 11, 2016); *Molina Posadas v. Shanahan*, No. 15-CV-5691, 2016 WL 146556, at *1 (S.D.N.Y. Jan. 12, 2016); *Nepomuceno v. Holder*, No. 11-CV-6825, 2012 WL

---

sheet, (Doc. 7–2), which reveals a criminal history that would appear to justify a conclusion by clear and convincing evidence that Petitioner presents at least a danger to the community.

6. Petitioner has suggested that exhaustion should be excused because it will prolong his detention. (Doc. 9 at 9–12.) Although exhaustion may be excused if, among other things, irreparable harm would result without immediate judicial review, "continued detention ... is insufficient to qualify as irreparable injury justifying non-exhaustion." *Nativi*, 2017 WL 281751, at *2; *see Giwah v. McElroy*, No. 97-CV-2524, 1997 WL 782078, at *4 (S.D.N.Y. Dec. 19, 1997) ("If incarceration alone were the irreparable injury complained of, then the exception would swallow the rule that the [ICE] administrative remedies must be exhausted before resorting to the federal courts."). He further notes that he raises a constitutional claim, (Doc. 9 at 12–13), but that also does not excuse exhaustion. *Nativi*, 2017 WL 281751, at *3 ("[B]ecause [Petitioner's] constitutional claims could be mooted by a BIA decision ..., and because his procedural due process claim could also be addressed head-on by the BIA, there is insufficient justification to excuse [him] from the exhaustion requirement here."). Petitioner does not argue that the other recognized exceptions to the exhaustion requirement—"available remedies provide no genuine opportunity for ade-

quate relief" or "admininstrative appeal would be futile," *Nativi*, 2017 WL 281751, at *2 (internal quotation marks omitted)—apply here.

7. With respect to federal prisoners, "the Second Circuit has held in no uncertain terms that an inmate must exhaust his administrative remedies prior to seeking relief under Section 2241." *Atkinson v. Linaweaver*, No. 13-CV-2790, 2013 WL 5477576, at *1 (S.D.N.Y. Oct. 2, 2013). And it has found a judicially imposed exhaustion requirement to be appropriate for aliens seeking discretionary relief from deportation, noting that the purposes of such a requirement "include protecting the authority of administrative agencies, limiting interference in agency affairs, developing a factual record to make judicial review more efficient, and resolving issues to render judicial review unnecessary." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003). These precedents, along with the fact that (as Petitioner notes) "[t]he Second Circuit in *Lora* explicitly adopted the procedural requirements crafted by the Ninth Circuit over the course of a decade of immigration habeas litigation," (Doc. 13, at 4), suggest that the Second Circuit would adopt the exhaustion requirement articulated by the Ninth Circuit in *Leonardo*.

715266, at *3 (D.N.J. Mar. 5, 2012); *Giwah*, 1997 WL 782078, at *2–4. Accordingly, the Petition is dismissed without prejudice to filing a new petition if Petitioner is still aggrieved following BIA review. *See Leonardo*, 646 F.3d at 1161; *Molina Posadas*, 2016 WL 146556, at *1.[8]

For the reasons stated above, the Petition is dismissed. The Clerk of Court is respectfully directed to close the case.

---

8. Neither party has addressed whether Petitioner can, as a practical matter, exhaust administrative remedies now that the time to appeal the IJ's February 3, 2016 decision has passed. *See* 8 C.F.R. § 1003.38(b) (alien may appeal IJ decision within 30 days). It appears that Petitioner can seek redetermination of his bond status upon a showing that his circumstances have changed materially. *See* 8 C.F.R. § 1003.19(e). The Court expresses no opinion as to whether the passage of time, events in the removal case, or other factors would constitute such circumstances, but renewing the application for bond before ICE does appear to be the proper course. *See, e.g., Alcaide–Zelaya v. McElroy*, No. 99-CV-5102, 2000 WL 1616981, at *6 (S.D.N.Y. Oct. 27, 2000) (where "petitioner erroneously opted to proceed directly to court," rather than appealing IJ's adverse custody determination to BIA, and it was too late to do so, petitioner required to exhaust administrative remedies by reapplying for release and appealing any adverse decision to BIA) (citing *Zambra v. McElroy*, No. 98-CV-3515, 1999 WL 163565, at *2 (S.D.N.Y. Mar. 24, 1999); *Ahmed v. McElroy*, No. 97-CV-1121, 1998 WL 283283, at *1 (S.D.N.Y. June 1, 1998)). In any event, even if exhaustion is now impossible, if the failure to timely appeal the IJ's bond determination were to excuse exhaustion, the exception would swallow the rule (at least where, as here, no explanation or excuse for the failure to appeal has been presented).