NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 9 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEIF TAYLOR, | No. 16-55411 |
| Petitioner-Appellant, | D.C. No. 2:11-cv-10393-AG-JC |
| v. | |
| RAYMOND MADDEN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted November 15, 2017
Pasadena, California

Before: RAWLINSON[**] and OWENS, Circuit Judges, and RESTANI,[***] Judge.

Petitioner Leif Taylor ("Taylor") appeals from the district court's denial of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     This case was submitted to a panel that included Judge Kozinski, who recently retired. Following Judge Kozinski's retirement, Judge Rawlinson was drawn by lot to replace him. Ninth Circuit General Order 3.2.h. Judge Rawlinson has read the briefs and reviewed the record.

[***]     The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

his petition for a writ of habeas corpus. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

1.      The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the appropriate standard of review. Taylor contends that we may review de novo whether the state trial court complied with the conditional writ of habeas corpus that this court ordered in *Taylor v. Maddox*, 366 F.3d 992 (9th Cir. 2004). Although federal courts have authority to directly review whether states have complied with earlier orders conditionally granting relief, *see Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011), we decline to do so here. The claims before us were raised by Taylor in a habeas petition that alleged the state court violated his due process rights. We therefore apply AEDPA.

2.      The California Court of Appeal did not unreasonably apply federal law in deciding that the trial court did not abuse its discretion in denying Taylor's motion for a mistrial.[1] *See Renico v. Lett*, 559 U.S. 766, 772–73 (2010). Taylor argues that his due process rights were violated when a witness at his retrial referenced his unlawfully-obtained, inadmissible confession, *see Taylor*, 366 F.3d at 1018, and that the trial court should have granted his motion for a retrial on this

---

[1]      Because the California Court of Appeal provided the last reasoned state court decision, we "look through" to that decision. *See Cannedy v. Adams*, 706 F.3d 1148, 1158–59 (9th Cir. 2013).

2

basis. Though the U.S. Supreme Court has recognized that "[a] confession is like no other evidence," *Arizona v. Fulminante*, 499 U.S. 279, 296 (1991), and has required state courts to retry defendants without unlawfully-obtained confessions, *id.* at 302, the Court has never held that a defendant's constitutional rights are violated based on a witness's reference to a confession. The California Court of Appeal recognized this distinction in denying Taylor's appeal.

Moreover, the U.S. Supreme Court has also held that unlawfully-obtained confessions improperly admitted at trial are subject to harmless error review. *See Fulminante*, 499 U.S. at 306–12. As the California Court of Appeal recognized, the witness's reference to the confession was ambiguous: Taylor's associates had already testified that Taylor admitted to shooting the victim. Any harm was further mitigated by the trial court's instruction to the jury that they should disregard any testimony alleging that Taylor made a statement amounting to a confession and that they should determine for themselves whether any statement rose to the level of an admission or a confession. We therefore find that the reference to Taylor's confession was harmless error beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 24 (1967).

3. The California Court of Appeal was not "objectively unreasonable" in applying *Jackson v. Virginia*, 443 U.S. 307 (1979), and concluding that sufficient evidence supported Taylor's murder conviction. *See Cavazos v. Smith*, 565 U.S. 1,

2 (2011) (per curiam). The California Court of Appeal found there was sufficient evidence based on (1) testimony by two witnesses stating that they heard Taylor admit to shooting the victim, (2) testimony by another witness identifying Taylor's alleged accomplice, (3) testimony by another witness who heard Taylor's alleged accomplice say something equivalent to "You shot him," and (4) prior testimony and statements placing Taylor and his alleged accomplice together the night of the murder and indicating that one of them said "I think I killed the fool." On this record, we cannot say that "no rational trier of fact could have agreed with the jury." *Id.*

4. Taylor has not made "a substantial showing of the denial of a constitutional right" so as to expand the certificate of appealability to include his ineffective assistance of counsel claim. 28 U.S.C. § 2253(c)(2); Ninth Circuit Rule 22-1(e). Taylor argues that his counsel's failure to challenge on Confrontation Clause grounds a prosecutor's line of questioning to an unresponsive witness was unreasonable and prejudicial under *Strickland v. Washington*, 466 U.S. 668 (1984). Assuming this line of questioning violated Taylor's Confrontation Clause rights, any error was harmless beyond a reasonable doubt. *See United States v. Larson*, 495 F.3d 1094, 1107–08 (9th Cir. 2007) (en banc). Evidence that the police found .22 caliber ammunition in Taylor's home established that Taylor had access to a .22 caliber gun; the prosecutor's leading questions were therefore merely

4

cumulative.

**AFFIRMED.**