**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEREK DAVIS, | No. 17-72374 |
| Petitioner, | Agency No. A023-078-425 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018[**]

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

Derek Davis, a native and citizen of the United Kingdom, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider and reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider and to reopen, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Davis's motion to reconsider where the motion failed to identify any error of fact or law in the BIA's prior order denying as untimely his appeal from an immigration judge's ("IJ") denial of his second motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1)

The BIA did not abuse its discretion in denying Davis's motion to reopen as untimely where it was filed two years after the order of removal became final, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of final order of removal), and Davis has not established that any statutory or regulatory exception applies, *see* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3).

We lack jurisdiction to review Davis's challenges to the BIA's May 2015 and April 2017 orders dismissing his direct appeal and finding untimely his appeal of the IJ's denial of his second motion to reopen, because this petition is not timely as to either order. *See* 8 U.S.C. § 1252(b)(1). The BIA's May 2015 and April 2017 orders were the subject of earlier petitions for review at this court, *Davis v. Lynch*, No. 15-71984 and *Davis v. Sessions*, No. 17-71226.

We do not consider the extra-record documents submitted with Davis's filings, *see Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for

17-72374

review of out-of-record evidence), or any challenge to Davis's bond determination, *see* 8 C.F.R. § 1003.19(d) (IJ's consideration of an alien's application or request regarding custody or bond "shall be separate and apart from . . . any deportation or removal hearing or proceeding"); *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (clarifying the proper procedure for challenging a bond determination).

Davis's motion to expedite is denied as moot. This matter is not consolidated with Davis's pending petition at Docket No. 18-15131. Therefore, we do not consider his filings or requests submitted in connection with that matter.

Davis's motion (Docket Entry No. 36) requesting permission to file a substitute and oversized reply brief is granted as to the reply brief received on October 5, 2018 (Docket Entry No. 32). We reject Davis's additional reply brief received on October 30, 2018 (Docket Entry No. 35).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**