**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 30 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENIA YAMILETH GOMEZ-CABALLERO, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 20-70053 <br><br> Agency No. A215-819-004 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 26, 2020**

Before:    McKEOWN, RAWLINSON, and FRIEDLAND, Circuit Judges.

Kenia Yamileth Gomez-Caballero, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' order dismissing her

appeal from an immigration judge's decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's determination that Gomez-Caballero failed to establish that the Salvadoran government was or would be unable or unwilling to control the gang members who threatened her. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (record did not compel conclusion that the government was unable or unwilling to control persecutors). Thus, Gomez-Caballero's asylum and withholding of removal claims fail.

In light of this disposition, we do not reach Gomez-Caballero's remaining contentions regarding the merits of her asylum and withholding of removal claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of CAT relief because Gomez-Caballero failed to show it is more likely than not she will be tortured by or with the consent of acquiescence of the government if returned to El Salvador. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

As stated in the court's April 23, 2020 order, the stay of removal remains in place until issuance of the mandate.

20-70053

Gomez-Caballero's request for a bond hearing (Docket Entry No. 18) is denied because this court does not adjudicate bond or custody status through a petition for review. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (eligible detainees may seek a bond hearing from an immigration judge, appeal to the Board of Immigration Appeals, and then seek review of the determination by filing a habeas corpus petition in district court). Gomez-Caballero's alternative request (Docket Entry No. 18) for transfer to a detention center in California is denied for similar reasons; Gomez-Caballero points to no legal authority for this court to entertain a transfer request on a petition for review.

**PETITION FOR REVIEW DENIED.**