NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELSA DIAZ REYES,

Petitioner-Appellant,

v.

ALEJANDRO MAYORKAS, Secretary,
Department of Homeland Security; et al.,

Respondents-Appellees.

No.    21-35142

D.C. No. 2:20-cv-00377-JLR

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted July 8, 2021
Seattle, Washington

Before:  HAWKINS and IKUTA, Circuit Judges, and CALDWELL,** District
Judge.

Elsa Diaz Reyes, a native and citizen of El Salvador, appeals the district

court's denial of her motion to enforce its order granting a conditional writ of habeas

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Karen K. Caldwell, United States District Judge for the
Eastern District of Kentucky, sitting by designation.

corpus and requiring the government to provide her with a bond hearing. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

After spending a year and a half in mandatory immigration detention pursuant to 8 U.S.C. § 1226(c), Diaz Reyes filed a habeas petition seeking a bond hearing. After briefing and argument, the district court conditionally granted the petition and ordered her release unless the government justified her continued detention by clear and convincing evidence. After an immigration judge ("IJ") denied bond, Diaz Reyes returned to the district court to seek enforcement of that order, asserting that the government failed to meet its burden because it presented no evidence she was a flight risk and relied only on twenty-year-old criminal conduct to establish she was a danger to the community. The district court denied her motion on the grounds that she was required to exhaust her administrative remedies by filing an appeal with the Board of Immigration Appeals ("BIA") and that waiver was not warranted.

While the instant appeal was pending, the BIA vacated the IJ's bond denial and remanded for further proceedings.[1] The IJ then denied bond anew, finding in a form order that Diaz Reyes was a flight risk and a danger to the community. In response to these agency proceedings, the government filed a motion to dismiss this appeal as moot.

---

[1] Diaz Reyes's request for judicial notice of the post-briefing agency proceedings is granted [Dkt. Entry No. 28].

1. Assuming without deciding that the district court was permitted to order the government to provide Diaz Reyes with a bond hearing, it was not an abuse of discretion to require her to exhaust her arguments before the BIA prior to seeking enforcement of the order. Under *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011), a petitioner is generally required to exhaust administrative remedies before seeking judicial review of challenges to an IJ's denial of bond. Although Diaz Reyes argues that her motion differs from the one at issue in *Leonardo* because she merely seeks enforcement of the preexisting conditional habeas order, which specified a standard of review to be applied at the hearing, the authority she cites did not obligate the district court to address the merits of her challenge without requiring prudential exhaustion. The district court was in the best position to decide whether exhaustion was warranted under the circumstances before it. Should Diaz Reyes renew her motion to enforce now that the BIA has acted, the district court will again be in the best position to decide whether the motion contains "new arguments under the ambit of ensuring compliance with the earlier order," such that Diaz Reyes must file a renewed petition for habeas corpus, *see id.* at 1161, or whether further exhaustion is warranted, and ultimately, whether the government complied with its order. Further, the court did not abuse its discretion by declining to waive the exhaustion requirement. Exhaustion permits a government agency to address its own potential errors before resort to the crowded dockets of district courts.

3

2.  The government's motion to dismiss the case as moot is denied [Dkt. Entry No. 31].  Diaz Reyes sought and continues to seek release, relief the BIA has not afforded.

**AFFIRMED.**