NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAXIMILIANO SANTANA SAAVEDRA VALDEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-2955

Agency No.
A240-396-144

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2025[**]

Before:     FRIEDLAND, MILLER, and SANCHEZ, Circuit Judges.

Maximiliano Santana Saavedra Valdez, a native and citizen of Brazil,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") decision denying his

applications for asylum, withholding of removal, protection under the Convention

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"), and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We deny the petition for review.

Santana Saavedra Valdez does not challenge the BIA's conclusion that he waived review of the IJ's dispositive determinations that he did not demonstrate an exception to the one-year filing deadline to qualify for asylum, and that he did not establish good moral character required for cancellation of removal, so we do not address these issues. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Substantial evidence supports the agency's determination that Santana Saavedra Valdez failed to show he was or would be persecuted on account of a protected ground. *See Ahmed v. Keisler*, 504 F.3d 1183, 1195 (9th Cir. 2007) ("Ordinary prosecution for criminal activity is generally not a ground for relief."); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Santana Saavedra Valdez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT protection because Santana Saavedra Valdez failed to show it is more likely than not he will

be tortured by or with the consent or acquiescence of the government if returned to Brazil. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

Santana Saavedra Valdez's filing (Docket Entry No. 7) on May 28, 2025, appears to be a request for a bond redetermination hearing directed at the Executive Office for Immigration Review. The filing does not appear to seek any relief available from this court, so the court will take no action on it. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (eligible detainees may seek a bond hearing from an IJ, appeal to the BIA, and then seek review of the determination by filing a habeas corpus petition in district court).

**PETITION FOR REVIEW DENIED.**