**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAYNOR JOEL ALVAREZ-CLOTTER, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.  16-70954 <br><br> Agency No. A206-466-994 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Maynor Joel Alvarez-Clotter, a native and citizen of Honduras, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's order denying his applications for cancellation

of removal, asylum, withholding of removal, and relief under the Convention

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002), and we review de novo questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's denial of cancellation of removal, where Alvarez-Clotter failed to submit to the immigration court sufficient evidence of any qualifying relatives. *See* 8 U.S.C. § 1229b(b)(1)(D).

In his opening brief, Alvarez-Clotter fails to address, and therefore has waived any challenge to, the agency's denial of his applications for asylum, withholding of removal, and CAT relief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (issues not raised in an opening brief are waived).

To the extent Alvarez-Clotter contends the agency violated due process, this claim fails because he has not established error or prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

We do not consider the extra-record evidence submitted for the first time with Alvarez-Clotter's opening brief. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial

review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

Alvarez-Clotter's challenges to his detention and the agency's denial of bond are not properly before us. *See* 8 C.F.R. § 1003.19(d); *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (setting forth procedure for challenging bond determinations).

Alvarez-Clotter's motion to reconsider is denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.