NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BAYRON CABRERA-MORALES, AKA Bayron Danilo Cabrera Morales, AKA Bayron Danilo Cabrera, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.  15-73656 <br><br> Agency No. A072-814-881 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2017**

Before:    CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Bayron Cabrera-Morales, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for protection under the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

We do not consider the materials petitioner references in his opening brief or filed separately (Docket Entry No. 21) that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Substantial evidence supports the agency's finding that, even if credible, Cabrera-Morales failed to establish it is more likely than not he would be tortured if returned to Guatemala. *See Lopez-Cardona*, 662 F.3d at 1114.

We lack jurisdiction to consider Cabrera-Morales's contentions regarding removability, asylum, and procedural due process that he presents for the first time in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust claim in administrative proceedings below).

Finally, Cabrera-Morales's challenge to the agency's bond determination is not properly before us. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (setting forth procedure for challenging bond determinations). Thus, we dismiss Cabrera-Morales' motion to appeal the bond decision (Docket Entry No. 25) as outside the scope of Cabrera-Morales' petition for review.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

2                                                                    15-73656