**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OKEZIE AUGUSTUS ORJI, AKA Anthony Ndekwe, AKA Orji Okezie, AKA Augustus Orj Okezic, AKA Augustus Orji, AKA Okezie Orji, | No. 14-72562 |
| Petitioner, | Agency No. A027-680-532 |
| v. | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

August 25, 2015**

Before:      McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Okezie Augustus Orji, a native and citizen of Nigeria, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's denial of his applications for asylum, withholding of removal,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Rodriguez-Castellon v. Holder*, 733 F.3d 847, 852 (9th Cir. 2013). We grant in part, deny in part, and dismiss in part the petition for review, and remand.

The agency determined that Orji's theft conviction under California Penal Code § 666 was an aggravated felony theft offense under 8 U.S.C. § 1101(a)(43)(G) that rendered him statutorily ineligible for asylum. At the time it decided this case, the agency did not have the benefit of this court's decision in *Lopez-Valencia v. Lynch*, 2015 WL 4879874, *6 (9th Cir. August 17, 2015), concluding that "California's theft statute is both overbroad and indivisible . . . and a conviction under it can never be a 'theft offense' as defined in 8 U.S.C. § 1101(a)(43)(G)." We therefore remand for the BIA to consider whether Orji is eligible for asylum.

Orji has failed to raise in his opening brief, and therefore has waived, any challenge to the agency's denial of withholding of removal and CAT relief. *See Tijani*, 628 F.3d at 1080 ("[W]e generally will not take up arguments not raised in an alien's opening brief before this court.").

We grant Orji's request to supplement his opening brief with his filing of April 2, 2015.

14-72562

Orji's renewed motion for a stay of removal is granted. *See Nken v. Holder*, 556 U.S. 418 (2009).

Orji's request for in forma pauperis status is denied because this status was already granted on January 14, 2015.

Orji's challenge to his continued detention is not properly before us. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir.2011) (noting entitlement to bond hearing for certain aliens held in custody and setting forth procedure for challenging bond determinations).

The parties shall bear their own costs on appeal.

**PETITION GRANTED in part; DENIED in part; DISMISSED in part; REMANDED.**