NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OKEZIE AUGUSTUS ORJI, AKA Anthony Ndekwe, AKA Orji Okezie, AKA Augustus Orj Okezic, AKA Augustus Orji, AKA Okezie Orji,<br><br>          Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>          Respondent. | No.   16-71560<br><br>Agency No. A027-680-532<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2017**

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Okezie Augustus Orji, a native and citizen of Nigeria, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

Orji presented evidence of post-conviction relief in his 2015 motion to reopen before the BIA. In its June 2015 order, the BIA declined to reopen sua sponte because relief under California Penal Code § 1203.4 did not remove the immigration consequences of the conviction. *See Ramirez-Altamirano v. Holder*, 563 F.3d 800, 806 (9th Cir. 2009) (expungement under § 1203.4 generally does not eliminate a state law conviction for immigration purposes), *overruled on other grounds by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011). Orji failed to petition for review of the BIA's June 2015 order.

The question of Orji's post-conviction relief having been resolved in 2015, it was not before the BIA on remand and is not before the Court now. *See* 8 U.S.C. § 1252(b)(1)(petition for review must be filed within 30 days of a final order of removal); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003) ("This time limit is mandatory and jurisdictional, and cannot be tolled."). Accordingly, the BIA in its May 2016 order did not err in concluding that he remained removable under 8 U.S.C. § 1227(a)(2)(A)(ii) without referring to the evidence of post-conviction relief.

Even construed liberally, Orji's pro se briefs do not sufficiently specify grounds to challenge the BIA's determination that the IJ properly denied asylum based on an adverse credibility determination. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (stating that issues raised in a brief that are not supported by argument are deemed abandoned).

Orji previously waived any challenge to the denial of withholding of removal and CAT relief. *Orji v. Lynch*, 615 F. App'x 892 (9th Cir. 2015) (unpublished).

We lack jurisdiction to consider Orji's unexhausted contentions regarding a waiver of inadmissibility under § 212(h), or the petty offense exception. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

We do not consider Orji's challenge to his bond determination, *see* 8 C.F.R. § 1003.19(d) (IJ's consideration of an alien's application or request regarding custody or bond "shall be separate and apart from . . . any deportation or removal hearing or proceeding"); *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (clarifying the proper procedure for challenging a bond determination), or the extra-record evidence included with his opening brief, *see Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

16-71560

Finally, Orji's renewed request for a stay of removal is denied as unnecessary. His previously granted stay of removal will terminate upon issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**