NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE BONILLA-QUEN, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 19-71272 Agency No. A215-668-998 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020[**]

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Jose Bonilla-Quen, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo due process claims in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

In his opening brief, Bonilla-Quen does not challenge the BIA's finding that he waived any argument as to the IJ's determination that his asylum application was time-barred. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to asylum.

Substantial evidence supports the agency's determination that Bonilla-Quen failed to establish the harm he experienced in Mexico was on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). In addition, substantial evidence supports the agency's conclusion that Bonilla-Quen failed to establish a clear probability of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative").

19-71272

Thus, Bonilla-Quen's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Bonilla-Quen failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

We reject Bonilla-Quen's contention that the IJ violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

The BIA did not err in finding that Bonilla-Quen's ineffective assistance of counsel claim failed. *See Iturribarria v. INS*, 321 F.3d 889, 899-900 (9th Cir. 2003) (prejudice required for an ineffective assistance claim).

We do not address Bonilla-Quen's contentions regarding credibility, particularly serious crimes, and the denial of a continuance because the BIA did not reach those issues. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation and internal quotation marks omitted)).

Bonilla-Quen's motion for a custody redetermination (Docket Entry No. 20) is denied because the request is not properly before this court. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (explaining that an applicant must

first raise any continued detention challenge to the agency, before filing a habeas petition in the district court, which decision may then be appealed to this court).

Bonilla-Quen's motion for a stay of removal (Docket Entry No. 1) is denied as moot.

**PETITION FOR REVIEW DENIED.**