**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 1 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MATEO RODRIGUEZ-PARDO,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 25-5049

Agency No.
A220-284-712

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 26, 2026[**]

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Mateo Rodriguez-Pardo, a native and citizen of Colombia, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

asylum, withholding of removal and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"), and denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019). We review for abuse of discretion the denial of a motion to reopen and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Rodriguez-Pardo does not challenge the BIA's determination that he failed to demonstrate eligibility for asylum and withholding of removal, nor does he challenge the BIA's conclusion that he waived review of the denial of CAT protection, so we do not address these issues. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Rodriguez-Pardo's claim that the IJ violated due process by failing to sever his case from his mother's after he turned 21 years old, thereby preventing him from fully presenting his own claim, fails because he has not shown error or prejudice. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

The BIA did not abuse its discretion in denying Rodriguez-Pardo's motion to reopen based on ineffective assistance of counsel where he failed to show prejudice from the performance of former counsel. *See Mohammed*, 400 F.3d at

793-94 (prejudice shown where counsel's performance was so inadequate it may have affected the outcome of the proceedings).

Rodriguez-Pardo's allegation that his former counsel failed to adequately prepare him for his merits hearing is not properly before the court because he did not raise it before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be exhausted); *see also Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (the exhaustion requirement is not jurisdictional, but must be enforced if properly raised by a party).

Rodriguez-Pardo does not challenge the BIA's determinations that he was not prejudiced by his former counsel's failure to request prosecutorial discretion or explore the possibility of Special Immigrant Juvenile Status, so we do not address them. *See Lopez-Vasquez*, 706 F.3d at 1079-80.

To the extent Rodriguez-Pardo challenges his detention status, this court does not adjudicate bond or custody status through a petition for review. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (eligible detainees may seek a bond hearing from an IJ, appeal to the BIA, and then seek review of the determination by filing a habeas corpus petition in district court).

The motion to stay removal is denied.

**PETITION FOR REVIEW DENIED.**

25-5049